UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISON

ELBA VAZQUEZ and
GILBERTO VAZQUEZ,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                                                                    CASE NO.:

WAL-MART STORES, INC.,                         CLASS ACTION
ADMINISTRATIVE COMMITTEE
OF THE WALMART STORES, INC.
ASSOCIATES' HEALTH AND
WELFARE PLAN,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiffs, ELBA VAZQUEZ ("Plaintiff Elba Vazquez") and GILBERTO VAZQUEZ ("Plaintiff Gilberto Vazquez"), file this Class Action complaint against Defendant, Wal-Mart Stores, Inc. (the "Corporate Defendant"), which provides its employees benefits through the WalMart Stores, Inc. Associates' Health and welfare Plan (the "Plan"), alleging that Defendant failed to provide them and the putative class adequate notice of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and the American Rescue Plan Act of 2021 (ARP").

1. The named Plaintiff Elba Vazquez is a former employee of the Corporate Defendant.

2. The Plan is a self-funded employee benefit plan governed by the Employee Retirement Income Security Act of 1975 ("ERISA") and subject to the American Rescue Plan Act of 2021 ("ARP"), and administered by the Plan Defendant.

3. The Corporate Defendant and the Plan Defendant are hereinafter collectively referred to as "Defendants."

4. Plaintiff Gilberto Vazquez is a beneficiary of the Plan.

5. Plaintiffs sue Defendants for violating ERISA, as amended by the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA") and the ARP.

6. Defendants have repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA and the American Rescue Plan Act of 2021, Pub L. No. 117-2 (2021) ("ARP"), of their right to continue their health insurance coverage following an occurrence of a "qualifying event" as defined by the statute.

7. Defendants' COBRA notice, attached as Exhibit "A," violates 29 C.F.R. § 2590.606–4(b)(4)(xi) and ARP because it fails to include the notice of federally subsidized COBRA premiums which were made available under ARP.

8. Because Defendants' COBRA notice omits this crucial information, it collectively violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant." Without information on how much a qualified beneficiary would need to pay, in this case

nothing due to the provisions of ARP, the notice is not written in a manner calculated to be understood by the average plan participant.

9. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## **JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to 29 U.S.C. S1132(e) and (f) and also pursuant to 28 U.S.C. SS 1331 and 1355.

11. Venue is proper in this District pursuant to 29 U.S.C. S1132(e)(2).

12. Venue is proper in the United States Court for the Middle District of Florida, because the events giving rise to these claims arose in this district.

13. Plaintiff Elba Vazquez is a Florida resident, resides in this district and worked for Defendant at 17700 Murdock Circle, Port Charlotte, FL 33948, and she, together her covered dependents, was a qualified beneficiary of the Plan prior to the termination of her employment with Defendant July 1, 2021, a qualifying event within the meaning of 29 U.S.C. § 1163(2) and an assistance eligible individual as defined in Section 9501 of the ARP.

14. Plaintiff was eligible for COBRA continuation coverage by reason of a qualifying event specified in section 603(2) of ERISA.

15. Plaintiff Gilberto Vazquez is a Florida resident, resides in this district and as Plaintiff Elba Vazquez's husband was a qualified beneficiary of the Plan

prior to the involuntary termination of her employment with Defendant, a qualifying event within the meaning of 29 U.S.C. § 1163(2) and an assistance eligible individual as defined in Section 9501 of the ARP.

16. Defendant is a foreign corporation with its headquarters in Bentonville, Arkansas, and employed more than 20 employees who were members of the Plan in each year from 2016 to 2021. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1). The Plan is subject to the requirements of Section 9501 of the ARP.

## FACTUAL ALLEGATIONS

### COBRA Notice Requirements

17. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

18. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event ... to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

(Emphasis added).

19. Notice is of enormous importance. The COBRA notification requirement exists because employees are not presumed to know they have a federally protected right to continue healthcare coverage subsequent to a qualifying event. The notice of federally subsidized COBRA premiums enacted as part of ARP is of even more importance given the financial turmoil many have been placed in after the termination of their healthcare benefits during the COVID-19 pandemic. Lack of notice of a subsidized insurance benefit at no cost to the employee or beneficiaries through September 30, 2021 surely impacted decisions to elect or not to elect continued coverage.

20. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

21. The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 as follows:

> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> > (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage

benefits;

(ii) Identification of the qualifying event;

(iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including

the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

> (xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and
>
> (xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

22. Pursuant to the ARP, in addition to general notice of COBRA rights, each qualified beneficiary is entitled to additional notice of the rights afforded under the ARP as described under Section (5) "Notice to Individuals".

23. The Defendants failed to provide any notice whatsoever of Plaintiffs rights under the ARP.

24. To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice") specifically related to obligations and rights under ARP. A copy of this Model Notice is attached hereto as Exhibit "B." The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

25. Specifically with respect to additional notice requirements imposed under the ARP, the DOL issued a Model Notice which sets forth the unique and time limited benefit of a fully subsidized premium.

26. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of ARP the administrator is subject to statutory penalties of up to $110.00 per participant or beneficiary per day from the date of such failure. Additionally, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1) and ARP.  Such is the case here.

27. Here, Defendants failed to provide any notice whatsoever of the benefits available to Plaintiffs under ARP, failed to use the Model Notice and thus wholly failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4,  and Section 9501 of the ARP, as set forth below.

### *Defendants' Notice is Inadequate and Fails to Comply with COBRA and  ARP*

28. Defendants did not use the Model Notice to notify plan participants of their right to continuation coverage under ARP or any notice n any form advising Plaintiffs of their rights under ARP.

29. Rather than use the Model Notice, Defendants deliberately authored and disseminated a general notice only which omitted critical information required by law.  The Notice issued by Defendants was limited to pre-APR COBRA rights. Defendants omitted from its notice all information related to rights under ARP as set forth in Model Notice.

30. The evidence will show Defendants used its [deficient] Notice (See Exhibit A – Notice) to discourage participants from enrolling in continuation coverage.

31. Defendants' Notice violates key COBRA requirements, specifically:

   a. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xi) because it fails to provide a description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage.;

   b. The Notice violates 29 C.F.R. § 2590.606-4(b)(4) because Defendants have failed to provide a notice written in a manner calculated to be understood by the average plan participant.

   c. The Notice fails to set forth any of the specific requirements imposed under Section 9501 of the ARP.

32. The evidence will show Defendants' standard practice during the time period at issue in this lawsuit was to send the COBRA election notice attached as Exhibit A. Defendants failed to send any notice, whether using the Model Notice or not, of APR rights.

33. Defendants' COBRA Notice confused Plaintiffs and resulted in their inability to make an informed decision as to electing COBRA continuation coverage. They were not advised that they had a right to coverage at no cost to them at all.

34. As a result of the deficient notice, Plaintiffs did not elect COBRA continuation coverage and Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of health insurance coverage. Insurance

coverage is an employer subsidized benefit of employment of tremendous monetary value, the loss of which is a tangible economic injury.

35. Plaintiffs did not enroll in the continuation coverages made available to them, based, in part, on the deficiencies identified herein in Defendant's notice, including but not limited to: Defendants' failure to inform Plaintiffs of federally subsidized COBRA premiums which would have enabled them to continue their health insurance for free.

36. The loss of their medical, dental, and vision are directly attributable to Defendants' deficient notice because they led to Plaintiffs not enrolling in COBRA continuation coverage.

37. In fact, because of Defendants' COBRA notice, which resulted in Plaintiffs not electing COBRA continuation coverage, Plaintiffs lost their health insurance.

38. In additional and of significant importance is that the Plaintiffs suffered economic loss in the form of uncovered expenses or otherwise had to forgo treatment because they could not afford treatment without insurance benefits.

39. Defendants' deficient COBRA Notice caused Plaintiffs an informational injury when Defendants failed to provide them with information to which they were entitled by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a) and Section 9501 of the ARP.

40. Through ERISA and then COBRA and ARP, Congress created a right—

the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a) and Section 9501 of the ARP. Defendant injured Plaintiffs and the putative class members they seek to represent by failing to provide them with the information required by law.

### *Plaintiff Elba Vazquez*

41. Plaintiff Elba Vazquez began her tenure with Defendant in December 2016.

42. Plaintiff Elba Vazquez obtained medical insurance through Defendant's group health plan for herself, her dependents and Plaintiff Gilberto Vazquez.

43. On or about July 11, 2021, Plaintiff Elba Vazquez's employment was terminated. She was not terminated for "gross misconduct" and did not voluntarily separate her employment and was therefore eligible for continuation of coverage under ARP. Vazquez was an assistance eligible individual as defined under the ARP.

44. Plaintiff Elba Vazquez's termination was a qualifying event, which triggered Defendant's COBRA obligations.

45. Following Plaintiff Elba Vazquez's termination, Defendant caused its administrator to mail Plaintiff Elba Vazquez the deficient notice identified herein.

46. The notice was not written in a manner calculated to be understood by the average plan participant.

47. The notice did not provide Plaintiff Elba Vazquez with the substantive information to which she was entitled pursuant to federal law, specifically Section 9501 of the ARP, as set out further below, giving rise to this lawsuit.

48. Plaintiff suffered economic losses as a result of not being insured as she was not able to continue treatment for an existing medical condition.

49. Plaintiff Elba Vazquez was not required to exhaust any administrative remedies through Defendant prior to bringing suit because no such administrative remedies exist as this is not an ERISA claim for benefits.

50. Even if they did exist, any attempts to exhaust the administrative remedies would have been futile as this is not an ERISA benefits case. In fact, exhaustion of administrative remedies is not required because Plaintiff Elba Vazquez was not provided with proper notice of her rights in the first instance.

### *Plaintiff Gilberto Vazquez*

51. Plaintiff Gilberto Vazquez is Plaintiff Elba Vazquez's husband and as such was a qualified beneficiary under the plan and an assistance eligible individual under ARP.

52. Plaintiff Elba Vazquez's termination was a qualifying event, which triggered Defendant's COBRA obligations.

53. The COBRA notice was not written in a manner calculated to be understood by the average plan participant.

54. The COBRA notice did not provide Plaintiff Gilberto Vazquez with the substantive information to which he was entitled pursuant to federal law.

55. The COBRA notice failed to provide an explanation of the federally subsidized COBRA premiums put in place by ARP. Therefore, the notice did not provide a "description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage."

56. Due to Defendant's failure to provide a compliant COBRA notice which led to Plaintiff Gilberto Vazquez losing his health insurance, he was required to cancel was forced to forgo needed medical treatment.

57. But for Defendant's failure to provide a compliant notice, Plaintiff Gilberto Vazquez would have received medical treatment since he would have elected to continue his coverage with the subsidy to which he was entitled under ARP.

## CLASS ACTION ALLEGATIONS

58. Plaintiffs bring this action as a class action pursuant to Rule 23 Fed.R.Civ.P. on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were qualified as assistance eligible individuals who were not sent a compliant COBRA notice by Defendants as required under the ARP as a result of a qualifying event, as determined by Defendant, and who did not elect COBRA**.

59. No administrative remedies exist as a prerequisite to Plaintiffs' claim on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

60. <u>Numerosity</u>: The Class is so numerous that joinder of all Class

members is impracticable.  On information and belief, hundreds or thousands of individuals satisfy the definition of the Class.

61. <u>Typicality</u>:  Plaintiffs' claims are typical of the Class.  The COBRA notice that Defendants sent to Plaintiffs was a form notice that was uniformly provided to all Class members.  Notice did not include any of the information required under ARP. As such, the COBRA notice that Plaintiffs received was typical of the COBRA notices that other Class Members received, and suffered from the same deficiencies.

62. <u>Adequacy:</u>  Plaintiffs will fairly and adequately protect the interests of the Class members; They have no interests antagonistic to the class, and have retained counsel experienced in complex class action litigation.

63. <u>Commonality:</u>  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

    b. Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a), 29 C.F.R. § 2590.606-4, and ARP;

    c. Whether statutory penalties should be imposed against Defendants under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

    d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

    e. Whether (and the extent to which) other relief should be

granted based on Defendants' failure to comply with COBRA notice requirements.

64. Class Members do not have an interest in pursuing separate individual actions against Defendants, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

65. Plaintiffs intend to send notice to all Class Members. The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator, WageWorks.

## CLASS CLAIM I FOR RELIEF
### *Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 and Section 9501 of ARP*

66. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

67. Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

68. Plaintiffs and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and are assistance eligible

individuals under ARP and Defendant was aware that they had experienced such a qualifying event.

69. On account of such qualifying event, Defendant sent Plaintiffs and the Class Members a COBRA notice in the form attached hereto as Exhibit A.

70. Plaintiffs were assistance eligible individuals as defined under ARP and entitled to receive notice as defined therein in addition to the general COBRA notice requirements.

71. The COBRA notice that Defendants sent to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 and Section 9501 of the ARP for the reasons set forth above, for which Plaintiffs bring this civil action under the authority found in 29 U.S.C. § 1132.

72. These violations were material and willful.

73. Defendants knew that its notice was inconsistent with Section 9501 of the ARP, the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 and Section 9501 of the ARP, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiffs and other Class Members. Defendants choose not to provide notice of a new and substantial benefit to its employees as provided under the ARP.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, prays for relief as follows:

    a. Designating Plaintiffs' counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendants' expense;

c. Declaring that the COBRA notice sent by Defendants to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 and Section 9501 of the ARP;

d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3) and Section 9501 of the ARP, including but not limited to an order enjoining Defendants from continuing to use its defective COBRA notice and requiring Defendants to send corrective notices which include the notice requirements under the ARP;

e. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 and Section 9501 of the ARP in the amount of $110.00 per day for each Class Member who was sent a defective COBRA notice by Defendants;

f. Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and Section 9501 of the ARP and other applicable law; and

g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 10th day of November, 2021.

                                                  Respectfully submitted,

                                                  *s/ Donna V. Smith*
                                                  **DONNA V. SMITH**
                                                  Florida Bar Number: 0053643
                                                  **DANIEL E. KALTER**
                                                  Florida Bar Number: 1025094
                                                  **WENZEL FENTON CABASSA, P.A.**
                                                  1110 N. Florida Avenue, Suite 300
                                                  Tampa, Florida 33602
                                                  Main Number: 813-224-0431
                                                  Direct Dial: (813) 386-0995
                                                  Facsimile: 813-229-8712
                                                  Email: dsmith@wfclaw.com
                                                  Email: dkalter@wfclaw.com
                                                  Email: rcooke@ wfclaw.com
                                                  **Attorneys for Plaintiff**